

ORIGINAL

1    EDWARD J. WYNNE, SBN 165819
     WYNNE LAW FIRM
2    Wood Island
     80 E. Sir Francis Drake Blvd., Ste. 3G
3    Larkspur, CA 94939
     Telephone: (415) 461-6400
4    Facsimile: (415) 461-3900
     ewynne@wynnelawfirm.com
5
6    *Attorneys for Plaintiff and the putative class*
7
8
9

**FILED**
ALAMEDA COUNTY

MAR 14 2017

CLERK OF THE SUPERIOR COURT
By _____

IN THE SUPERIOR COURT OF CALIFORNIA

ALAMEDA COUNTY

10   LAURA LOPEZ, individually and on behalf of all
     others similarly situated,
11
12                        Plaintiff,
13            v.
14   BANK OF AMERICA, NATIONAL
     ASSOCIATION and DOES 1 through 10,
15   inclusive,
16                        Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

Case No. RG17853209

COMPLAINT FOR:
(1) Overtime Compensation (Labor Code §§ 510, 1194)
(2) Overtime Compensation (Bus. & Prof. Code § 17200);
(3) Meal and Rest Period Violations (Labor Code §§ 226.7, 512)
(4) Meal and Rest Period Violations (Bus. & Prof. Code § 17200)
(5) Unreimbursed Business Expenses (Labor Code § 2802)
(6) Unlawful Wage Statements (Labor Code §§ 226, 1174)
(7) Waiting Time Penalties (Labor Code § 203)

[CLASS ACTION]

CLASS ACTION COMPLAINT

Plaintiff Laura Lopez, on behalf of herself and all others similarly situated, complains and alleges as follows:

## A. INTRODUCTION

1. This is a class action, under California Code of Civil Procedure § 382, seeking damages, restitution, declaratory relief, equitable relief, penalties, and reasonable attorneys' fees and costs, on behalf of Plaintiff and all other individuals who are or have been employed as Business Bankers by Defendant Bank of America, National Association (hereafter "Bank of America" or "Defendant"), in California during the four years prior to the filing of this action. Laura Lopez brings this complaint on behalf of similarly situated Business Bankers who were (a) not paid overtime compensation; (b) not provided meal and rest breaks; (c) not reimbursed for ordinary business expenses; (d) not provided lawful wage statements, and (d) not timely and properly paid all their wages at time of separation.

2. The "Class Period" is designated as the period from four years prior to the filing of this Complaint through the time the Court certifies this case as a class action. The violations of California's wage and hour laws, as described more fully below, have been ongoing for at least four years prior to the filing of this action, are continuing at present, and will continue unless and until enjoined by the Court.

## B. JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims brought under the California Labor Code and California's Unfair Competition Law, Business & Professions Code § 17200 et seq.

4. Venue as to Defendant is proper in Alameda County, pursuant to Code of Civil Procedure §§ 395, 395.5. Bank of America is a foreign corporation that has not designated a principal business office in California according to its latest Statement of Information (Foreign Corporation) on file with the California Secretary of State. Defendant maintains branches, facilities and offices from which Defendant transacts business in a variety of locations in Alameda County, and Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Alameda County. Defendant has employed Class Members in Alameda County, who have also

1

CLASS ACTION COMPLAINT

1  incurred unreimbursed business expenses while conducting Defendant's business in Alameda County

2  in the State of California during the Class Period.

### C. PARTIES

4      5.    Plaintiff Laura Lopez resides in Orange County, California. Plaintiff was employed by

5  Defendant during the statutory period covered by this action. During the Class Period, she worked as

6  a Business Banker for Defendant in Orange County. During this time, Plaintiff was subject to

7  Defendant's unlawful policies and/or practices set forth herein.

8      6.    Defendant Bank of America, National Association is a Delaware Corporation with its

9  principal place of business in Charlotte, North Carolina.

10      7.    The true names and capacities of persons or entities, whether individual, corporate,

11  associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to

12  Plaintiff, who therefore sue Defendant by such fictitious names under Code of Civil Procedure § 474.

13  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated

14  herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.

15  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

16  the Defendants designated hereinafter as DOES when such identities become known.

17      8.    All of Plaintiff's claims stated herein are asserted against Defendant and any of its

18  owners, predecessors, successors, subsidiaries, and/or assigns.

### D. FACTUAL BACKGROUND

20      9.    Pursuant to California Labor Code §§ 218, 218.6, and 1194, Plaintiff may bring a civil

21  action for overtime wages directly against the employer without first filing a claim with the California

22  Division of Labor Standards Enforcement and may recover such wages, together with interest thereon,

23  penalties, attorney fees and costs.

24      10.    Plaintiff and all members of the class identified herein were regularly scheduled as a

25  matter of uniform company policy and practice to work and in fact worked as salaried bank

26  employees in excess of eight hours per workday and/or in excess of forty hours per workweek without

27  receiving straight time or overtime compensation for such overtime hours worked in violation of

28  California Labor Code §§ 510, 1194 and California Industrial Welfare Commission Wage Order 4-

CLASS ACTION COMPLAINT

1   2001. Defendant has failed to meet the requirements for establishing an exemption from these

2   requirements because all class members (a) regularly spent more than 50% of their time performing

3   nonexempt work, (b) did not customarily and regularly exercise discretion and independent judgment

4   on matters of significance, (c) did not have the authority to hire or fire or make meaningful

5   recommendations regarding same, (d) did not customarily and regularly supervise at least two

6   employees or the equivalent, (e) did not perform work directly related to the management policies or

7   the general business operations of Defendant or Defendant's customers, (f) did perform nonexempt

8   production and/or sales work a majority of their time (i.e., in excess of 50%) consistent with

9   Defendant's realistic expectations, (g) did not customarily and regularly spend more than 50% of their

10  time away from the Defendant's places of business selling or obtaining orders or contracts, and (h) did

11  not earn more than 50% of their compensation in a bona fide commission plan. Thus, Plaintiff and the

12  class members were not exempt from the overtime requirements of California law for these reasons.

13       11.   Defendant failed to provide and document uninterrupted off-duty meal breaks of at

14  least 30 minutes for the class in the number, length and manner as required. Defendant has failed to

15  authorize and permit rest breaks for the class in the number, length and manner as required. At no

16  time has the Plaintiff or the class entered into any written agreement with Defendant expressly or

17  impliedly waiving their right to their meal or rest breaks. Plaintiff and the class were injured by

18  Defendant's failure to provide meal and rest breaks.

19       12.   Defendant willfully, intentionally and knowingly did not provide Plaintiff and all

20  members of the class with accurate itemized statements showing all of the information required

21  pursuant to Labor Code §§ 226 and 1174 and Plaintiff and other members of the class were injured

22  thereby.

23       13.   Defendant has maintained company-wide policies and/or practices that require class

24  members to pay the ordinary business expenses of Defendant without reimbursement. For example,

25  Business Bankers are forced to bear the costs of travel, parking, mileage, and tolls without

26  reimbursement by Defendant. Moreover, Defendant's policy and practice of having class members

27  pay for Defendant's ordinary business expenses also causes class members to forfeit their wages to

28  Defendant.

3

CLASS ACTION COMPLAINT

14.    Plaintiff and other formerly employed class members were not timely and properly paid all of their wages at time of termination. Plaintiff and other class members did not absent or secret themselves from timely and properly receiving their final wages at time of termination.

### E. CLASS ACTION ALLEGATIONS

15.    Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382. The class, and subclasses, that Plaintiff seeks to represent is composed of and defined as follows:

> All persons who are or have been employed, at any time from four years prior to the filing of this Complaint through the date of the Court's granting of class certification in this matter, by Bank of America, National Association in California under the job title Business Banker or the functional equivalent however titled.

16.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the class and subclasses:

a.    Numerosity:  The potential members of the class as defined are numerous and therefore joinder of all the members of the Class is impracticable.

b.    Commonality:  There are questions of law and fact common to Plaintiff and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, but are not limited to, the following:

(i)    Whether Defendant's policy of classifying all Business Bankers as exempt is legal under California law;

(ii)    Whether Defendant's policy of not providing meal periods is legal under California law;

(iii)    Whether Defendant's policy of not making rest periods available is legal under California law;

(v)    Whether Defendant's policy of not paying for ordinary business

4

CLASS ACTION COMPLAINT

1    expenses is legal under California law; and,

2        (vi)    Whether Defendant's wage statements violate California law.

3    c.    Typicality: Plaintiff's claims are typical of the claims of the class. Plaintiff and

4    other Business Bankers sustained injuries and damages, and were deprived of property rightly

5    belonging to them, arising out of and caused by Defendant's common course of conduct in

6    violation of law as alleged herein, in similar ways and for the same types of expenses.

7        d.    Adequacy of Representation: Plaintiff is a member of the class and will fairly

8    and adequately represent and protect the interests of the class. Plaintiff's interests do not

9    conflict with those of other class members. Counsel who represent Plaintiff are competent and

10    experienced in litigating large wage and hour class actions and will devote sufficient time and

11    resources to the case and otherwise adequately represent the class.

12        e.    Superiority of Class Action: A class action is superior to other available means

13    for the fair and efficient adjudication of this controversy. Individual joinder of all Business

14    Bankers is not practicable, and questions of law and fact common to the class predominate

15    over any questions affecting only individual members of the class. Each class member has

16    been damaged or may be damaged in the future by reason of Defendant's unlawful policies

17    and/or practices as alleged herein. Certification of this case as a class action will allow those

18    similarly situated persons to litigate their claims in the manner that is most efficient and

19    economical for the parties and the judicial system. Certifying this case as a class action is

20    superior because Plaintiff seeks relief that will affect all Business Bankers in a common way,

21    and will also allow for efficient and full disgorgement of the ill-gotten gains Defendant has

22    enjoyed by maintaining its unlawful business policies and practices, and will thereby

23    effectuate California's strong public policy of protecting employees from deprivation or

24    offsetting of compensation earned in their employment. If this action is not certified as a Class

25    Action, it will be impossible as a practical matter for many or most Business Bankers to bring

26    individual actions to recover monies unlawfully withheld from their lawful compensation due

27    from Defendant due to the relatively small amounts of such individual recoveries relative to

28    the costs, burdens, and risks of litigation.

5

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

#### (Labor Code §§ 510, 1194)

17.    Plaintiff incorporates the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

18.    California Wage Order 4-2001, 8 C.C.R. § 11040, and Labor Code § 510 state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

19.    Class members regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

20.    Class members do not meet any of the tests for exempt status under the California Wage Orders and/or the California Labor Code.

21.    Defendant has violated California labor law by not paying the required overtime pay to Plaintiff and the members of the Class.

22.    Pursuant to Labor Code § 218.6, Plaintiff requests prejudgment interest on all wages from the date the wages were due and payable.

23.    Pursuant to California Labor Code §§ 218.5 and 1194, Plaintiff requests an order requiring Defendant to pay damages of all overtime wages due to them and the members of the class in an amount to be proved at hearing as well as attorneys' fees and costs.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

#### (Bus. & Prof. Code § 17203)

24.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

25.    California Labor Code § 510 and Wage Order 4-2001, 8 C.C.R. § 11040, state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day. Plaintiff and the class are not "exempt" because, *inter alia*, they did not and do not perform work directly related to the management or general business

6

CLASS ACTION COMPLAINT

1   operations of either Defendant or Defendant's customers, they are/were primarily engaged in inside

2   sales and sales related activities, and they did not and do not spend a majority of their time on exempt

3   tasks.

4        26.   Defendant has committed an act of unfair competition by not paying the required

5   overtime pay to Plaintiff and the class.

6        27.   Pursuant to California Business & Professions Code § 17203, Plaintiff requests an

7   order requiring Defendant to make restitution of all overtime wages due to them and the members of

8   the class in an amount to be proved at hearing, an injunction and declaratory relief to enjoin

9   Defendant from such contact in the future, and reasonable attorneys' fees and costs per CCP § 1021.5.

10                   **THIRD CAUSE OF ACTION**

11               **MEAL AND REST BREAK VIOLATIONS**

12              **(Labor Code § 512 and IWC Order 4-2001)**

13        28.   Plaintiff incorporates the allegations contained in the previous paragraphs of this

14   Complaint as if fully set forth herein.

15        29.   In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendant failed to

16   provide and document meal and rest period breaks for the class in the number, length and manner as

17   required. At no time has the Plaintiff or the class entered into any written agreement with Defendant

18   expressly or impliedly waiving their right to their meal and rest breaks. Plaintiff and the class have

19   been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4-2001

20   and are thus entitled to the wages set forth in Labor Code § 226.7.

21                  **FOURTH CAUSE OF ACTION**

22               **MEAL AND REST BREAK VIOLATIONS**

23                 **(Bus. & Prof. Code § 17203)**

24        30.   Plaintiff incorporates the allegations contained in the previous paragraphs of this

25   Complaint as if fully set forth herein.

26        31.   In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendant failed to

27   provide and document meal and rest period breaks for the class in the number, length and manner as

28   required. At no time has the Plaintiff or the class entered into any written agreement with Defendant

CLASS ACTION COMPLAINT

Exhibit B

expressly or impliedly waiving their right to their meal and rest breaks. Plaintiff and the class have been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4-2001 and are thus entitled to the wages set forth in Labor Code § 226.7.

32.     Defendant has committed an act of unfair competition by not providing meal and rest breaks in the number, length and manner as required by law.

33.     Pursuant to California Business & Professions Code § 17203, Plaintiff requests an order requiring Defendant to make restitution of all wages due to them and the members of the class in an amount to be proved at hearing, an injunction and declaratory relief to enjoin Defendant from such contact in the future, and reasonable attorneys' fees and costs per CCP § 1021.5.

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**(Labor Code § 2802)**

34.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

35.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

36.     While discharging their duties for Defendant, Plaintiff and the class have incurred work-related expenses.  Such expenses include but are not limited to travel, parking, mileage, and tolls charges.

37.     Defendant has failed to indemnify or in any manner reimburse Plaintiff and the class for these expenditures and losses. By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendant and/or in obedience of Defendant's direction or expectations, Defendant has violated and continues to violate Labor Code § 2802.

38.     By unlawfully failing to indemnify Plaintiff and the class, Defendant is liable for reasonable attorneys' fees and costs under Labor Code § 2802(c).

39.     As a direct and proximate result of Defendant's conduct, Plaintiff and the class have

8

CLASS ACTION COMPLAINT

Exhibit B

1  suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys'

2  fees for the prosecution of this action.

3  ## SIXTH CAUSE OF ACTION

4  ### UNLAWFUL WAGE STATEMENTS

5  **(Labor Code §§ 226, 1174, and 1174.5)**

6      40.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

7  Complaint as if fully set forth herein..

8      41.    Defendant, as a matter of corporate policy did not maintain or provide accurate

9  itemized wage statements in violation of Labor Code §§ 226 and 1174.

10      42.    Defendant did not state or did not accurately state, *inter alia,* the wages earned in the

11  pay period or the actual hourly rate of Plaintiff and other Business Bankers. Defendant's failure to

12  maintain accurate itemized wage statements was willful, knowing, intentional, and the result of

13  Defendant's custom, habit, pattern and practice. Defendant's failure to maintain accurate itemized

14  wage statements was not the result of isolated, sporadic or unintentional behavior. Due to Defendant's

15  failure to comply with the requirements of Labor Code §§ 226 and 1174, Plaintiff and other Business

16  Bankers were injured thereby.

17      43.    Such a pattern and practice as alleged herein is unlawful and creates an entitlement to

18  recovery by Plaintiff and Business Bankers identified herein for all damages and penalties pursuant to

19  Labor Code §§ 226 and 1174.5, including interest thereon, penalties, attorneys' fees and costs.

20  ## SEVENTH CAUSE OF ACTION

21  ### FAILURE TO PAY WAGES AT TERMINATION

22  **(Labor Code §§ 201-203)**

23      44.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

24  Complaint as if fully set forth herein.

25      45.    Labor Code § 201 provides: "If an employer discharges an employee, the wages earned

26  and unpaid at the time of discharge are due and payable immediately."

27      46.    Labor Code § 202 provides: "If an employee not having a written contract for a

28  definite period quits his or her employment, his or her wages shall become due and payable not later

9

CLASS ACTION COMPLAINT

than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

47.  Labor Code §.203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.".

48.  Plaintiff and other formerly employed Business Bankers in the Waiting Time Penalties subclass were discharged by Defendant or voluntarily quit. Defendant, in violation of California Labor Code §§ 201 and 202, has a consistent and uniform policy, practice and procedure of willfully failing to timely pay the wages to its former employees. Plaintiff and other formerly employed Business Bankers did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant.

49.  As a result of Defendant's violations of Labor Code §§ 201-202, Defendant is liable for waiting time penalties to Plaintiff and the members of the Waiting Time Penalties subclass.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.  For an Order certifying the proposed class and designating this action as a class action pursuant to CCP § 382;

2.  For a declaratory and injunctive relief;

3.  For an Order appointing Plaintiff and his counsel to represent the proposed class as defined in this Complaint;

4.  For compensatory damages according to proof;

5.  For an order requiring Defendant to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to Plaintiff and the other members of the proposed class;

6.  For interest according to proof;

7.  For penalties alleged herein;

10

CLASS ACTION COMPLAINT

1    8.    For reasonable attorneys' fees and costs; and

2    9.    For such other relief the Court deems just and proper.

3    DATED: March 10, 2017                    WYNNE LAW FIRM

4

5

6    By: Edward J. Wynne
     Attorneys for Plaintiff Laura Lopez, individually
7    and on behalf of all others similar situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    11

                                            CLASS ACTION COMPLAINT